**FILED**
**March 23, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**BAMM INDUSTRIES, LLC,**
**Employer Below, Petitioner**

**vs.)    No. 20-0847** (BOR Appeal No. 2055191)
                    (Claim No. 2018014697)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**ORRY A. PRICE,**
**Claimant Below, Respondent**

**MEMORANDUM DECISION**

Petitioner BAMM Industries, LLC, by Counsel Jordan Martin and Jeffrey B. Brannon, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of Insurance Commissioner ("WVOIC") by Counsel H. Dill Battle III, filed a timely response.

The issue on appeal is compensability. The claims administrator determined on January 22, 2018, that the claim was properly submitted under the Uninsured Employer Fund because BAMM Industries was not carrying West Virginia Workers' Compensation insurance coverage at the time of the injury. The claims administrator held the claim compensable for left index finger flexor tendon laceration and ulnar digital nerve laceration on February 12, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decisions in its February 13, 2020, Order. The Order was affirmed by the Board of Review on August 21, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no

1

substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions . . . .

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Price, a roofer and laborer, cut his finger with a saw in the course of his employment on November 21, 2017. At that time, Mr. Price worked for Jac Jenson, owner of BAMM Industries, LLC. BAMM Industries, LLC, was subcontracted to do work for Woda Construction, which is owned by Baumgard Company. Text messages between Mr. Jenson and Anatole Williams, representative for Woda Construction/Baumgard company, indicate the men exchanged several messages regarding workmen, supplies, and payment between October 19, 2017, and November 22, 2017. Mr. Williams asked how many workers he was going to have each day and Mr. Jenson made the decision as to how many people were assigned to the project on a given day.

Mr. Price's paystubs indicate he was paid $633.40 for the period from October 21, 2017, through November 3, 2017; $631.02 for the period from November 4, 2017, through November 17, 2017; and $101.69 for the period from November 18, 2017, through December 1, 2017. A November 3, 2017, check from Baumgard Company to BAMM Industries, LLC, in the amount of $5,000 stated "Emerald Green" on the memo line. A November 22, 2017, check in the amount of $12,090 stated the same. A November 21, 2017, invoice from BAMM Industries, LLC, to Baumgard Builders indicates a payment was received in the amount of $22,090 for soffit, fascia, and siding.

Caleb Pritt, an employee of BAMM Industries, LLC, completed a signed statement on November 21, 2017, in which he stated that at approximately 7:30 that morning, Mr. Price agreed

to cut some soffit for Mr. Williams before he was scheduled to clock in for BAMM Industries. Mr. Price cut his hand with a saw while performing the work. Chris Jones signed a statement saying the same.

The Employees' and Physicians' Report of Injury, completed on December 18, 2017, indicates Mr. Price lacerated his finger flexor tendon while using a saw on November 21, 2017. At the time, he was doing construction work for BAMM Industries. Mr. Price stated that he was paid by the hour every two weeks. He worked from 6 am to 2 pm Monday through Friday. Mr. Price stated that he had a Universal Technician License to work in West Virginia. He was unaware that the employer did not carry the mandatory Workers' Compensation insurance coverage.

The claims administrator determined on January 22, 2018, that the claim was properly submitted under the Uninsured Employer Fund because BAMM Industries was not carrying West Virginia Workers' Compensation insurance coverage at the time of the injury. On February 12, 2018, the claims administrator held the claim compensable for left index finger flexor tendon laceration and ulnar digital nerve laceration. On February 12, 2018, the claims administrator approved a request from Cabell Huntington Hospital dated November 21, 2017. The request was for retroactive authorization of left index finger tendon and ulnar digital nerve repair with postoperative physical therapy and pain management.

In a May 31, 2019, affidavit, Mr. Jenson, owner and operator of BAMM Industries, LLC, stated that Mr. Price was an employee of his for six to eight months. Mr. Jenson stated that he was asked to provide subcontracting services for Woda Construction/Baumgard Company by Mr. Williams. BAMM Industries, LLC, was to provide labor only to install siding on a construction project at Emerald Gardens. Mr. Jenson stated that Mr. Williams told him that BAMM Industries, LLC's, lack of workers' compensation insurance was not an issue and proof of coverage was never requested. Mr. Jenson stated that he made a bid on behalf of BAMM Industries, LLC, to install soffit, but the bid was rejected as Mr. Williams decided to do it himself. Mr. Jenson stated that on the day of the alleged injury, he was contacted by Chris Jones, an employee, and was told that Mr. Price injured his hand prior to clocking in for BAMM Industries, LLC. Mr. Jones told Mr. Jenson that Mr. Williams offered to buy Mr. Price lunch if he cut the soffit. Mr. Jenson reiterated that his company did not receive the bid to work on the soffit, and Mr. Price was not instructed by Mr. Jenson to perform the work.

Mr. Price testified in a November 18, 2019, hearing before the Office of Judges that he was an employee of BAMM Industries, LLC, starting in June of 2017. He stated that he was not privy to contracts between BAMM Industries, LLC, Baumgard Builders, or Woda Construction. Mr. Price stated that he was instructed when to show up and what project to work on by Mr. Jenson. Mr. Price stated that Mr. Williams never asked him to do soffit work because he was already doing such work at Mr. Jenson's request. On the day of the injury, Mr. Price clocked in on an app from his phone when he arrived in the parking lot of the job site. Mr. Price stated that he was not sure who Mr. Williams worked for, and that Mr. Williams was not his boss. On the day of his injury, Mr. Price was instructed to go to the jobsite by Mr. Jenson, because his crew had been on that project since October. Mr. Price's paycheck came from Mr. Jenson, and he never received a paycheck from Mr. Williams or any other company for the project. Mr. Price testified that on the

day of his injury, he was cutting soffit. He would cut the piece and hand it to Chris Jones for installation.

In its February 13, 2020, Order, the Office of Judges affirmed the claims administrator's decisions determining that the claim was properly submitted under the Uninsured Employer Fund because BAMM Industries, LLC, was not carrying West Virginia Workers' Compensation insurance coverage at the time of the injury and holding the claim compensable for left index finger flexor tendon laceration and ulnar digital nerve laceration. The Office of Judges determined that Mr. Price was hired by BAMM Industries, LLC, reported his time to BAMM Industries, LLC, and was paid by BAMM Industries, LLC. Even if someone other than a BAMM Industries, LLC, employee supervised or directed Mr. Price, such action was done at the convenience of BAMM Industries, LLC,

BAMM Industries, LLC, argued, in the alternative, that by allowing BAMM Industries, LLC, employees to work on the project despite knowing that BAMM Industries, LLC, did not have workers' compensation insurance, Baumgard Company/Woda Construction accepted liability for any compensable injuries sustained by the workers per West Virginia Code § 23-2-1d(g), which states that

> every prime contractor shoulder be responsible to ensure that any subcontractor with which it directly contracts is either self-insured or maintains workers' compensation coverage throughout the periods during which the services of a subcontractor are used and, further, if the subcontractor is neither self-insured nor covered, then the prime contractor rather than the Uninsured Employer Fund should be responsible for the payment of statutory benefits. It is also the intent of the Legislature that this section not be used as the basis for expanding the liability of a prime contractor beyond the limited purpose of providing coverage in the limited circumstances and in the manner expressly addressed by this section.

The Office of Judges determined that West Virginia Code § 23-2-1d(g) is not applicable in the case at bar because West Virginia Code § 23-2-1d(a) states that "[t]his section is applicable only with regard to subcontractors with whom the primary contractor has a contract for any work or services for a period longer than sixty days." The Office of Judges found that it has not been established that BAMM Industries, LLC's, contract with Baumgard Builders/Woda Construction exceeded sixty days. The Office of Judges therefore found that the claim was properly submitted under the Uninsured Employer Fund because BAMM Industries, LLC, was not carrying West Virginia Workers' Compensation insurance coverage at the time of the injury and held the claim compensable for left index finger flexor tendon laceration and ulnar digital nerve laceration. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. BAMM Industries, LLC, carried no workers' compensation insurance at the time of Mr. Price's injury and the case was therefore properly submitted under the Uninsured Employer Fund. Pursuant to West Virginia Code § 23-4-1, employees who receive

injuries in the course of and as a result of their covered employment are entitled to benefits. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). The evidence shows that Mr. Price received a personal injury in the course of and resulting from his employment. The claim was properly held compensable for left index finger flexor tendon laceration and ulnar digital nerve laceration

Affirmed.

**ISSUED: March 23, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment

5